HAWAIIAN REPORTS, 1876. 697

The Minister of Interior *v.* D. W. Glover and J. S. Smithies.

## SUPREME COURT—IN BANCO.

### APRIL TERM—1876.

*Harris and Judd, J. J.*

THE MINISTER OF INTERIOR *vs.* D. W. GLOVER AND JOHN S. SMITHIES,—APPEAL FROM POLICE COURT.

IN A prosecution against a licensed vendor, for selling spirituous liquors to natives of this Kingdom, the judgment of the Police Court on the facts of the case is final and conclusive.

Though a trial by jury be thus denied, it is not in violation of Article IX of the Constitution.

Exceptions do not lie from the Police Court.

OPINION BY HARRIS, J.

It appears from the papers in this case, that the appellant, Glover, is a retail liquor dealer in the city of Honolulu, under a license signed the 21st of September, 1875, which was issued to him in accordance with the law upon his filing the bond required by the 41st Chapter, Section 26 of the Penal Code, which reads as follows: "All persons applying for a license under the provisions of this chapter shall, before receiving the same, file a bond, (in form similar to the following:) the same being always subject to the approval of the Minister of Interior." (Follows the form of a bond.) The condition of this obligation is as follows: * * * "Now, therefore, if during the continuance of this license the said ——— shall not contribute to the violation of any of the laws of this kingdom, nor violate any of the conditions of his license— copy of which is hereto annexed—then this obligation shall be void. Otherwise, upon proof being made to the satisfaction of a common magistrate, without the intervention of a

88

jury, the penalty mentioned in this bond shall be forfeited, and the license of the said ———, this day granted, shall be void."

On the 11th day of February, 1876, a complaint was made against these appellants to forfeit this bond on the ground that they had incurred a forfeiture, by the principal's committing an assault and battery in his house, and by selling spirituous liquors to natives of this kingdom. On this complaint, a hearing being had, the appellant, in this case, Glover, was found to have committed the offenses and his license was revoked, and his bond declared forfeited in the Police Court of Honolulu.

On the rendition of this judgment, the respondents offered to appeal generally to the Supreme Court, but a general appeal was refused, though the Court did certify an appeal in the following words:

"I hereby certify that on the 16th day of February, 1876, I rendered a judgment in favor of the plaintiff, in the above entitled cause, for the sum of one thousand dollars, being the amount of the penalty named in the bond upon which this action was brought, together with $7.20 costs, and did order and adjudge the license to ensure the performance of the conditions of which the said bond was given, to be forfeited and void and of no effect; and that an appeal from the said judgment was duly noted by the said D. W. Glover and J. S. Smithies, to the Supreme Court in Banco, and that the said appeal has since been duly perfected according to law.

"Given under my hand this 19th day of February, A. D. 1876.          (Signed)          W. C. JONES,

"Police Justice of Honolulu."

The defendants excepted to the refusal to allow the appeal generally, and noted the following exceptions to the holding of the Magistrate.

1—That the Police Court erred in not certifying an appeal for a trial by jury.

The Minister of Interior *v.* D. W. Glover and J. S. Smithies.

2—That the statute on which the said proceedings were brought and the said judgment given is unconstitutional and void.

3—That plaintiff's declaration shows no sufficient cause of action, and is otherwise defective and insufficient at law.

4—That the bond is void for uncertainty, and because the conditions thereof were made under duress and constraint.

This last ground was abandoned at the hearing.

It is urged that the appeal will lie, notwithstanding the clause in the bond to the effect that, "upon proof being made to the satisfaction of a common magistrate, without the intervention of a jury, the penalty mentioned in this bond shall be forfeited," because the statute which alone gave the jurisdiction, gave it subject to appeal. But the statute which gives the jurisdiction is the 41st Chapter, Section 26, of the Penal Code, which sets forth the form of the bond. Now this statute, while investing the common magistrate with the jurisdiction in such cases, does not give any right of appeal, but seemingly denies it; but, it is said that the 52d Chapter, Section 9, of the Penal Code gives the right of appeal, and that such right is recognized in the Minister of Interior *vs.* Ritson, 3 Haw. Rep. The statute referred to reads as follows: "That the several police and district justices throughout the kingdom shall have jurisdiction to hear and determine, subject to appeal, all complaints for any violation of the license laws, without limit in respect to the amount of penalty to be imposed for such violations." This statute, which is general in its terms, does not give a right of appeal in the despite of any particular enactment.

It is said that the condition in the bond to abide by the judgment of a common magistrate without the intervention of the jury is a mere consent, and cannot give jurisdiction to the Court. But it is not the consent of the party to the bond, which gives the jurisdiction, but the statute itself of which the form of the bond constitutes a part.

In the case of the Minister of Interior *vs.* Ritson referred to above, it appears that the then Attorney General contended that the bond had not the force of a statute, but the Court said that the "bond is a material part of the enactment, and confers rights on parties which the judicial authority must regard," and again, "when we take into consideration the enlarged jurisdiction of the common magistrate upon questions of this character, it conforms to the symmetry of our Legislature to give this construction to the bond." Thus it will be seen that it is the statute and not the consent of the parties which gave the common magistrate the enlarged jurisdiction.

It is true that the following sentence occurs in the same case. "There is a right of appeal, but in cases where the proof is positive, this right would doubtless be waived to save expense."

But on an examination of all the papers it does not appear that this remark was connected with any point raised in the case, and in the opinion itself, it appears to be a merely incidental remark—an *obiter dictum*—not having any weight as a decision, or intended to have such weight.

Sections 893 and 906 are referred to by appellants' counsel. We do not see the application of Section 893. Section 906 reads as follows: "Neither of the said justices shall have power to determine any civil matter required by law to be tried by jury, nor to appoint referees in any cause." But so far from the law requiring cases of this nature to be tried by a jury, it prohibits them from being so tried. On looking over the records of the Court and examining all the cases, it appears that some of them were tried by a jury on appeal. But it does not appear that the point of the right to such a trial was ever raised in those cases.

The Constitution (1864), Article 9, says that "in all cases in which trial by jury has been heretofore used, it shall be held inviolable forever," etc. The Constitution of 1852,

The Minister of Interior v. D. W. Glover and J. S. Smithies.

which was superseded by that of 1864, contains the same provision.

But the law under consideration has been in operation in this country since 1846. So that for six years before the promulgation of the Constitution of 1852, trial by jury had not been used in cases similar to this, and the jury had never, in point of fact, been used for trials of this nature, prior to the establishment of constitutional government.

Therefore, the statutes on which this complaint is made, are not unconstitutional, and are therefore not void.

Article 9 of the Constitution is cited for the appellant. It reads as follows: "No person shall be compelled, in any criminal case, to be a witness against himself; nor be deprived of life, liberty or property without due process of law." We do not see its application, as it does not appear that it was sought to make the respondents in the Police Court "to be witnesses against themselves," nor has any one sought to "deprive them of their liberty or life," or of their "property without due process of law."

On the third point; it is said that the "plaintiff's declaration shows no sufficient cause of action and is otherwise defective, because the record shows no prior adjudication by a common magistrate." We do not see that it was necessary that there should have been any "prior adjudication." It was proven then and there, as a part of that case to the satisfaction of the magistrate, that the law had been violated in the manner alleged, and this was sufficient.

Our judgment then is,—that the judgment of the magistrate on the facts of the case, was conclusive and final; and that he committed no errors in law.

We have treated the paper which we find on file, in the form of a bill of exceptions, as a part of the appeal which is certified. But in order that it may not be thought that we would sanction the allowance and certifying of bills of exceptions by the Police and District Courts, we would call atten-

tion to the case of the King vs. Sylvester Cullen, July term, 1865, wherein it is said that "it is not made a part of the duty of Circuit Judges to certify bills of exceptions," and if not of Circuit Judges, certainly not of District Justices or Police Magistrates. The Court in that case further pointed out that Section 1007 of the Civil Code, in that case made all necessary provisions for appeal; and Section 1006 makes all necessary provisions in cases from Police and District Courts.

We presume that these exceptions were meant to be a part of the appeal and have the effect to limit the appeal as provided by the last three lines of Section 1006. The appeal is dismissed with costs.

The Attorney General for plaintiff.

A. S. Hartwell for defendants.

Honolulu, April 24th, 1876.