Hana v. Mehekula.

## SUPREME COURT—IN BANCO.

### SPECIAL TERM—NOVEMBER, 1881.

*Judd, C. J., McCully, and Austin, J.J.*

### HANA vs. MEHEKULA.

ON EXCEPTIONS.

THERE IS NO APPEAL on the facts from a decree of a Justice of the Supreme Court sitting at term on a matter of divorce; but exceptions will lie as in other cases.

Opinion of the Court by JUDD, C. J.

This is a libel of divorce on the ground of desertion which came on regularly to be heard by Mr. Justice McCully at the last April Term. Upon the proofs adduced the learned Justice declined to grant the divorce, whereupon the petitioner appealed to the Supreme Court in Banco. The question to be decided is whether there is any appeal allowed by the law in divorce cases.

The Act of 1870 (Chapter 16), is the main statute on divorce. By its second section, if the parties last lived together on Oahu, jurisdiction was conferred by a tribunal to consist of not less than two Justices of the Supreme Court sitting at term. As the law then stood no provision was made for an appeal on the law or the facts. This was unnecessary, as the decision of two Justices would be that of a majority of the Supreme Court, and this is final by the authority of the 69th Article of the Constitution.

The Legislature of 1878 (Chapter 26) repealed that part of Section 2 of the Act of 1870, in reference to jurisdiction and substituted the following words: "Libels for divorce shall be heard by a Justice of the Supreme Court, presiding at a

regular term of the Supreme or Circuit Court." But the Act made no provision for an appeal.

It will be observed that although a single Justice of the Supreme Court is empowered to try such causes, it is the act of the Court at Term and not in Chambers, and consequently the 85th Section of the Civil Code which authorizes an appeal to the Court in Banco, from a decree, order or judgment of a Justice of the Supreme Court in Chambers, does not apply.

Jurisdiction in divorce is purely a creation of the statute and where no provision is made by statute for an appeal, it must be held that the Legislature intended that there should be none.

We are therefore obliged to hold that the judgment of Mr. Justice McCully, who tried this case is final and conclusive as to its facts.

The remaining question is whether any errors of law alleged to have been made by a Justice in a divorce case can be enquired into by the Supreme Court in Banco.

We have above indicated that divorce jurisdiction is that of the Court held by one Justice, and Sections 834 to 837 inclusive, of the Civil Code, provide for exceptions on all questions of law so arising.

The appellate jurisdiction of the Supreme Court in Banco on all questions of law over all inferior tribunals should be maintained unless it is expressly prohibited by statute.

Such was the jurisdiction entertained by this Court in the case of the Minister of the Interior *vs.* Glover, 3 Haw. Rep., 697, where the statute expressly denied the right of appeal to a jury.

We therefore hold that exceptions will lie from the decree of the Court sitting in divorce, and under this head, an exception to the finding of the Court as being contrary to the evidence may be taken. In considering such an exception the rules which control Courts when considering exceptions to verdicts of juries as contrary to the evidence will govern.

If the appellant wishes to proceed with her exception at the next term of this Court she may do so.

W. L. Holokahiki for petitioner.

J. L. Kaulukou for respondent.

Honolulu, November 26, 1881.